DONG, ADAM'S LAW FIRM PLLC
Adam Dong, Esq.
3708 Main St, Suite 308
Flushing, NY 11354
Tel:    (929) 269-5666
*Attorneys for Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------x

BIYU LIN,
*on behalf of herself and others similarly situated*

*Plaintiff*,

v.

JENNIFER YIN NAIL & SPA INC.,
JENNIFER DING HUA SPA INC., and
CUIHUA DING a.k.a JENNIFER DING,

*Defendants*.
---------------------------------------x

Case No. 21-cv-01239

**29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION**

**COMPLAINT**

Plaintiff BIYU LIN (hereinafter referred to as "Plaintiff"), on behalf of herself and others similarly situated, by and through his attorneys, Dong, Adam's Law Firm PLLC. and Adam Dong, Esq., hereby brings this complaint against Defendants Jennifer Yin Nail & Spa Inc., Jennifer Ding Hua Spa Inc., and Cuihua Ding a.k.a. Jennifer Ding (collectively referred to as "Defendants") and alleges as follows:

## INTRODUCTION

1. This action is brought by Plaintiff Biyu Lin on behalf of herself and other similarly situated employees against Defendants for alleged violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed

1

widespread violations of the FLSA and NYLL by engaging in a patterned practice of failing to pay its employees, including the Plaintiff, minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and cost.

4. Plaintiff alleges pursuant to NYLL § 650 *et seq.,* and 12 New York Codes, Rules and Regulations (NYCRR) that she is entitled to recover from the Defendants: (1) unpaid minimum wage for regular hours worked, (2) unpaid overtime compensation, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employees' hours along with the employee's name, employer's address and telephone number, employee's rate or rates of pay, and deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) spread of hours premium, (6) liquidated damages, (7) 9% simple prejudgment and post-judgment interests, and (8) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims

herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF

7. From on or about March 6, 2018 to January 16, 2021, Plaintiff Biyu Lin was employed by Defendants to work as a manicurist and pedicurist at 2047 Williamsbridge Rd, Bronx, NY 10461. Plaintiff did not work between March 16, 2020 to July 16, 2020.

### DEFENDANTS

*Corporate Defendants*

**Defendant Jennifer Yin Nail & Spa Inc.**

8. Defendant Jennifer Yin Nail & Spa Inc. is a domestic business corporation organized under the laws of the State of New York with a principal address at 2047 Williamsbridge Rd, Bronx, NY 10461.

9. Jennifer Yin Nail & Spa Inc. is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

10. Jennifer Yin Nail & Spa Inc. purchased, and handled goods moved in interstate commerce.

11. Jennifer Yin Nail & Spa Inc. was and continues to be an enterprise engaged in commerce within the meaning of the FLSA.

12. The work performed by Plaintiff was directly essential to the business operated by Jennifer Yin Nail & Spa Inc.

13. Jennifer Yin Nail & Spa Inc. is a successor of Defendant Jennifer Ding Hua Spa Inc.

14. Jennifer Yin Nail & Spa Inc. is a mere continuation of Defendant Jennifer Ding Hua Spa Inc.

15. Jennifer Yin Nail & Spa Inc. and Jennifer Ding Hua Spa Inc. shared common ownership.

16. Jennifer Yin Nail & Spa Inc. and Jennifer Ding Hua Spa Inc. shared common employees and management team.

17. Upon information and belief, business was not interrupted due to the transition from Jennifer Ding Hua Spa Inc. to Jennifer Yin Nail & Spa Inc.

**Defendant Jennifer Ding Hua Spa Inc.**

18. Defendant Jennifer Ding Hua Spa Inc. was a domestic business corporation organized under the laws of the State of New York with a principal address at 2047 Williamsbridge Rd, Bronx, NY 10461.

19. Jennifer Ding Hua Spa Inc. was a business engaged in interstate commerce that had gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

20. Jennifer Ding Hua Spa Inc. purchased, and handled goods moved in interstate commerce.

21. Jennifer Ding Hua Spa Inc. was an enterprise engaged in commerce within the meaning of the FLSA.

22. The work performed by Plaintiff was directly essential to the business operated by Jennifer Ding Hua Spa Inc.

**Owner/ Operator Defendant**

23. The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Corporate Defendants and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

24. Cuihua Ding a.k.a. Jennifer Ding, known as "Boss" to Plaintiff, is the president/owner of Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc. Cuihua Ding a.k.a. Jennifer Ding

(1) had the power to hire and fire employees on behalf of Corporate Defendants, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc.

25. Cuihua Ding a.k.a. Jennifer Ding hired Plaintiff.

26. Cuihua Ding a.k.a. Jennifer Ding determined Plaintiff' work schedule.

27. Cuihua Ding a.k.a. Jennifer Ding supervised Plaintiff.

28. Cuihua Ding a.k.a. Jennifer Ding determined Plaintiff' rate of pay.

29. Cuihua Ding a.k.a. Jennifer Ding signed paychecks to employees of Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc.

30. Cuihua Ding a.k.a. Jennifer Ding maintained all employee records and business records of Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc.

31. Cuihua Ding a.k.a. Jennifer Ding acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc.

**STATEMENT OF FACTS**

32. Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Plaintiffs:

33. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the minimum wage under NYLL for some of the hours worked.

34. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff the lawful

overtime compensation of one and one half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

35. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime compensation.

36. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

37. Defendants knowingly and willfully failed to provide Plaintiff and similar situated employees with Time of Hire Notice reflecting true rates of pay and payday, as well as paystub that correctly lists the overtime rate for works done in excess of forty (40) hours in a given week.

38. Defendants knowingly and willfully failed to pay Plaintiff and similar situated employees spread of hour premium when the interval between the beginning and end of an employee's workday (the "spread") exceeds 10 hours.

***Plaintiff Biyu Lin***

39. From on or about March 6, 2018 to January 16, 2021, Plaintiff Biyu Lin was employed by Defendants to work as a manicurist and pedicurist at 2047 Williamsbridge Rd, Bronx, NY 10461. Plaintiff did not work between March 16, 2020 to July 16, 2020.

40. Throughout Ms. Lin's employment at Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc., Ms. Lin was paid a flat daily rate of $130 per day.

41. Prior to 2020, Ms. Lin only received her compensation in cash.

42. Starting on or about January 1, 2020, Ms. Lin would receive her compensation partially in cash, and partially in check; Ms. Lin's received her check compensation once per week, for $130 per check, which represented one day's compensation.

43. Throughout her employment at Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa

Inc., Ms. Lin's regular work schedule ran from 9 am to 7 pm or 9:30 am to 7:30 pm, depending on the day of the week. However, Ms. Lin regularly stayed beyond the scheduled off time. Effectively, Ms. Lin always worked 10 hours or more per workday.

44. From on or about March 6, 2018 to September 30, 2018, Ms. Lin worked 4 days per week or at least 40 hours per week.

45. From on or about October 1, 2018 to March 15, 2020, Ms. Lin worked 6 to 7 days per week, or on average at least 65 hours per week.

46. Ms. Lin did not work between March 16, 2020 to July 15, 2020 due to the Covid-19 outbreak.

47. From on or about July 16, 2020 to October 31, 2020, Ms. Lin worked 6 days per week, or at least 60 hours per week.

48. From on or about November 1, 2020 to December 31, 2020, Ms. Lin worked 5 days per week, or at least 50 hours per week.

49. From on or about January 1, 2021 to January 16, 2021, Ms. Lin worked 4 days per week, or at least 40 hours per week.

50. Throughout her employment at Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc., Ms. Lin's effective regular hourly rate was at most $13 per hour.

51. Throughout Ms. Lin's employment at Jennifer Yin Nail & Spa Inc., and Jennifer Ding Hua Spa Inc., she was never compensated 1.5x at her regular rate for the hours she worked in excess of forty (40) in a given workweek.

52. At all relevant times, Ms. Lin did not have a fixed time for lunch. During each workday, Ms. Lin had to be on standby every minute, and had to be ready to serve customers when customers came in. Even when she was having lunch, if a customer came in, she had to stop eating or rush to

finish her lunch to serve the customer.

53.     While employed by Defendants, Ms. Lin was not exempt under federal or state laws from receiving minimum wage or overtime pay.

54.     At all relevant times, Defendants did not pay Ms. Lin or any other similar situated employees an extra hour of pay when Ms. Lin or other similar situated employees' work interval exceeded 10 hours in a workday.

55.     At all relevant times, Defendants did not inform Ms. Lin or any other similar situated employees either verbally or in writing that Defendants were claiming tip credit towards Plaintiff's and similar situated employees' minimum wage or overtime compensation.

56.     At all relevant times, Defendants did not to provide Plaintiff and other similar situated employees with Time of Hire Notice detailing rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

57.     At all relevant times, Defendants did not provide Plaintiff and all other similar situated employees with statements every payday that accurately listed all of the following: the dates of work covered by the payment of wages; the employee's name; the name of the employer; the address and phone number of employer; the employee's rate or rates of pay and basis thereof; the employee's gross wages; the employees' deductions; allowances, if any, claimed as part of the minimum wage; net wages; the employee's regular hourly rate or rates of pay; the employee's overtime rate or rates of pay; the employee's number of regular hours worked, and the employee's number of overtime hours worked.

58.     Defendants failed to keep full and accurate records of Plaintiff's hour and wages.

59.     Defendants failed to maintain accurate and sufficient time records of employees' hours worked, failed to provide such records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings this action individually and as class representatives on behalf of all other similar situated current and former non-exempt employees who have been employed by Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and those who were not compensated at one and one half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

61.     Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure (Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

62.     All said persons, including the Plaintiff, are referred to herein as the "Class."

63.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

***Numerosity***

64. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

65. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

b. Whether Defendants failed to pay Plaintiff and Class members proper minimum wage under the NYLL for all hours worked;

c. Whether Defendants failed to pay Plaintiff and Class members proper overtime compensation under the NYLL for hours worked in excess of 40 in a week;

d. Whether Defendants provided a notice detailing rates of pay and payday at the start of Plaintiff and Class members' start of employment and/or or timely thereafter;

e. Whether Defendants provided proper pay statement to Plaintiff and Class members on each pay day;

f. At what common rate, or rates subject to common method of calculation were and are Defendants required to pay the Class members for their regular rate and overtime rate;

g. Whether Defendants failed to pay Plaintiff and Class members spread of hours premium.

*Typicality*

66. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, and failing to pay proper overtime compensation. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

67.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff are represented by attorney who is experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

68.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a

great expenditure to Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

69. Upon information and belief, Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I

**[Violations of New York Labor Law—Minimum Wage/ Unpaid Wage**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

70. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL §§ 2 and 651.

72. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the potential class members, for some or all of the hours they worked.

73. Defendants knowingly and willfully violated Plaintiff' and similarly situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

74. By failing to pay Plaintiff and the class, Plaintiff and Class Members are entitled to recover from Defendants their full unpaid wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest pursuant to NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and NY Wage Theft Prevention Act (NYWTPA).

## COUNT II

### [Violations of New York Labor Law— Failure to Pay Overtime Compensation Brought on Behalf of Plaintiff and Rule 23 Class]

75. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class at one and one half time the regular rate the Plaintiff and Class members are entitled to.

77. By failing to pay Plaintiff and the Class, Plaintiff and Class members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and cost and disbursement of the action, and interest pursuant to NYLL §§ 190 *et seq.*, and NY Wage Theft Prevention Act (NYWTPA).

## COUNT III

### [Violation of Fair Labor Standards Act— Failure to Pay Overtime

**Brought on Behalf of Plaintiff and the FLSA Collective]**

78. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he is employed, or one and one half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

80. The FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

81. Defendants' failure to pay Plaintiff and the FLSA Collective their proper overtime rate violated the FLSA.

82. At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay the proper overtime rate to Plaintiff and FLSA Collective members at one and one half times of their regular hourly rate for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA. 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

83. The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 9 C.F.R. § 516.4.

84. Defendants willfully failed to notify Plaintiff and FLSA collective members of the requirements of the employment law in order to facilitate their exploitation of Plaintiff and FLSA

collective's labor.

85. Defendants knew or should have known that by failing to pay Plaintiff and FLSA collective the proper overtime rate, Plaintiff and FLSA collective members would be financially injured.

## COUNT IV

**[Violation of New York Labor Law— Failure to Provide Time of Hire Notice**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

86. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances. If any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

88. Defendants failed to provide such notice to Plaintiff or any other employee at the time of their hiring, or ten days within their hiring.

89. Due to Defendants' violation, each Plaintiff and Rule 23 Class member is entitled to recover from Defendants, jointly and severally, $50 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT V

**[Violation of New York Labor Law— Failure to Provide Pay Statement**

**Brought on Behalf of Plaintiff and Rule 23 Class]**

90. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

91. NYLL and supporting regulations require employers to provide detailed pay statement information to employees every payday. NYLL § 195-1(d).

92. Defendants failed to provide such pay statement to Plaintiff or any other employee on the day they get paid.

93. Due to Defendants' violation, each Plaintiff and Rule 23 Class member is entitled to recover from Defendants, jointly and severally, $250 for each workday that violation occurred or continued to occur, up to $5000, together with cost and attorney's fees pursuant to NYLL § 198.

## COUNT VI

**[Violation of New York Labor Law— Failure to Pay Spread of Hours Premium Brought on Behalf of Plaintiff and Rule 23 Class]**

94. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

95. NYLL requires employers to pay an extra hour's pay for everyday that an employee works an interval in excess of 10 hours pursuant to NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*, and 12 NYCRR § 146-1.6.

96. Defendants failed to pay Plaintiff and other Class members the spread of hours premium when their work shift in a single day lasted more than 10 hours.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself, the FLSA Collective Action Members, and Rule 23 Class Members, respectfully request that this Court enter a judgment providing the following

relief:

    a)    Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they wish to pursue their claims;

    b)    Certification of this case as a collective action pursuant to FLSA;

    c)    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similar situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members.

    d)    A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

    e)    An injunction against Corporate Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

    f)    An award of unpaid minimum wage, overtime wages, and spread of hours premium due under the FLSA and/or NYLL plus compensatory and liquidated damages;

    g)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216.

h) Up to $5,000.00 per Plaintiff for Defendants' failure to provide a time of hire notice detailing rates of pa and payday;

i) Up to $5,000.00 per Plaintiff for Defendants' failure to provide a paystub that conforms with NYLL § 195(3).

j) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

k) The cost and disbursements of this action;

l) An award of prejudgment and post-judgment fees;

m) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent as required by NYLL § 198(4); and

n) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
February 10, 2021

Respectfully submitted,

Dong, Adam's Law Firm PLLC

/s/ Adam Dong
Adam Dong, Esq.
3708 Main St, Ste 308
Flushing, NY 11354
Tel: (929) 269-5666
Email: adam.dong@dongadams.com

*Attorneys for the Plaintiff, FLSA collective and Rule 23 Class*